UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski, on behalf of himself
and all other similarly situated,

     Plaintiff,

v.                                        Case No.: 11-12979
                                         Honorable Sean F. Cox

State Farm Mutual Automobile Insurance
Company, Terri Page, and Pam Marsh,

     Defendants.
_____/

OPINION & ORDER

In this putative class action, Plaintiff alleges breach of contract and fraud claims against Defendants relating to the rate paid to Defendants' insureds for medical and moving mileage under Michigan's No Fault Act. The matter is currently before the Court on Defendants' Motion for Judgment on the Pleadings and Defendants' Motion for Sanctions. The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, the Court shall **GRANT IN PART** and **DENY IN PART** Defendants' Motion for Judgment on the Pleadings. The Court shall also **DENY** Defendants' Motion for Sanctions.

BACKGROUND

On or about June 15, 2011, Plaintiff Jaroslaw Waskowksi ("Plaintiff") filed this action on behalf of himself and others similarly situated, against his automobile insurer State Farm Mutual Automobile Insurance Co. ("State Farm"), and two State Farm employees, Terri Page ("Page")

1

and Pam Marsh ("Marsh") (taken together, "Defendants").  Plaintiff's overall contention is that State Farm uses an unreasonable rate to reimburse its insureds for mileage expenses incurred for the purposes of receiving medical treatment.  Plaintiff's complaint alleges breach of contract and fraud, and defines the putative class as follows:

> All individuals who are insureds of State Farm in Michigan or otherwise covered by State Farm for first party no fault benefits, and for whom State Farm has paid and/or continues to pay medical mileage for automobile related injuries, at a rate in accordance with State Farm's policy of adopting the IRS medical and moving mileage rate, excluding State Farm's directors, officers, and employees, and excluding Plaintiffs' attorney and staff.

(Complaint at ¶ 7).

According to Plaintiff's complaint, and the undisputed documentary evidence submitted by Defendants, the underlying facts are as follows.

On December 23, 2009, Plaintiff was involved in an automobile accident during which Plaintiff incurred serious injuries, including bulging discs in his cervical spine and lumbar spine, a fractured sternum, fractured ribs, and a torn rotator cuff.  At the time of his accident, Plaintiff was covered by a no fault automobile insurance policy issued by State Farm.

Under the No Fault Act, personal protection insurance benefits include "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." M.C.L. § 500.3107(a).  It is undisputed that mileage incurred for medical treatment is an allowable expense to be paid by the insurer under the No Fault Act.  *See Davis v. Citizens Ins. Co. of America*, 195 Mich.App. 323, 328 (1992).

In reimbursing its insureds for mileage incurred for medical treatment, State Farm utilizes

the Internal Revenue Service's ("IRS") medical and moving mileage rate to calculate an insured's mileage expense, rather than the IRS's business standard mileage rate. (Complaint at ¶ 9). Generally, the IRS's business standard mileage rate is considerably higher than the IRS's medical and moving mileage rate. The IRS has stated that the business standard mileage rate is computed as follows:

> A deduction using the business standard mileage rate is computed on a yearly basis and is in lieu of all fixed and variable costs of the automobile allocable to business purposes (except as provided in section 9.06 of this revenue procedure). ***Items such as depreciation (or lease payments), maintenance and repairs, tires, gasoline (including all taxes thereon), oil, insurance, and license and registration fees are included in fixed and variable costs for this purpose.***

Rev. Proc. 2008-72, §5.03. (emphasis added). With respect, the medical and moving mileage rate, the IRS has stated:

> A deduction computed using the applicable standard mileage rate for charitable, medical, or moving expense miles is in lieu of all variable expenses (including gasoline and oil) of the automobile allocable to those purposes. ***Costs for items such as depreciation (or lease payments), insurance, and license and registration fees are not deductible, and are not included in the charitable or medical and moving standard mileage rates.***

Rev. Proc. 2008-72, §5.03. (emphasis added). Neither the No-Fault Act, nor Plaintiff's policy provides for an express amount for which an insured may be compensated for mileage expenses incurred in obtaining medical treatment.

After Plaintiff's auto accident, Plaintiff incurred mileage expenses in the process of receiving medical treatment for his injuries. In a letter dated January 14, 2010, State Farm stated that it would reimburse Plaintiff for his mileage expenses using the aforementioned IRS medical and moving mileage rate, which was 16.5 cents per mile at the time Plaintiff incurred his mileage

3

expenses.  The letter stated, "Sixteen-and-a-half cents per mile is the standard rate per IRS for use of your car for medical reasons."  (1/14/10 letter, Def's Br., Ex. A, D. E. No. 14).  The letter further stated:

> If you want to seek reimbursement in excess of 16.5 cents per mile, you can submit receipts to document reasonable expenses, in addition to completing the enclosed medical mileage form.  While it is not practical to provide you with a complete list of what might be compensable, examples could include items such as reasonable transportation fees, gas, oil, parking tolls, or other expenses arising out of the use of your vehicle to obtain treatment.

(*Id.*).  Sometime after receiving the January 14, 2010 letter, Plaintiff contacted State Farm and inquired about reimbursement for oil and gas expenses.  Plaintiff's State Farm Claim Representative, Terri Page, sent a letter in response to Plaintiff's inquiries, in which she stated:

> We have received and reviewed your claim for gas and oil changes.  The medical mileage benefit is calculated to include such variables as gas and oil changes.  We have issued payment for you mileage claim for the period of 12/29/09 – 2/13/10.  The personal injury protection benefits do not include a specific benefit for gas and oil changes.  Please refer to the benefits package sent to you on 12/31/09, therefore; the claim is denied per the Michigan No-Fault Law MCL 500.3109, not reasonably necessary.
>
> If you submit documentation which proves more oil changes and more gas is needed as a result of the mileage driven for your treatment for injuries from the above listed accident, I will be happy to review and re evaluate you [sic] claim upon receipt.

(3/10/10 letter, Def's Br., Ex. B).

      Plaintiff filed this action on June 15, 2011, and on July 11, 2011, Defendants removed this action to this Court based on federal jurisdiction over putative class actions, pursuant to the Class Action Fairness Act.  Defendants subsequently a motion for sanctions on August 23, 2011, and a motion for judgment on the pleadings on August 25, 2011.

LEGAL STANDARD

Defendants bring their motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Motions under FED. R. CIV. P. 12(c) are analyzed under the same standard as motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6). That standard is as set forth in *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id*. "However, the plaintiff must provide the grounds for its entitlement to relief" and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

ANALYSIS

I.  Defendants' Claim Preclusion Argument:

First, Defendants contend that "the entire Complaint should be dismissed because, prior to filing the present suit on June 15, 2011, on April 11, 2011, Waskowski filed a separate suit against State Farm for failure to pay him full benefits under the same policy at issue in this case." (Def's Br. at 2). Thus, Defendants appear to contend that res judicata, or claim preclusion, bars Plaintiff from bringing the instant action. Defendants have not identified which court the earlier case was brought in, what claims or requests for relief are alleged in the previously filed lawsuit, or whether that lawsuit has been judged on the merits. Defendants also have not submitted to the Court any pleadings, orders, or opinions related to the previously filed

lawsuit. Additionally, Defendants state that Plaintiff's previous lawsuit was a claim for benefits. This case, however, has been brought as a putative class action, which State Farm removed to this Court pursuant to the Class Action Fairness Act. Accordingly, the Court cannot grant Plaintiff's motion on this basis.

II.     Plaintiff's Breach of Contract Claim:

Plaintiff's insurance agreement with State Farm provides that State Farm "will pay, subject to provisions of the ***No-Fault Act***," for allowable expense benefits. (Policy at 10, Def's Br., Ex. D) (emphasis in original). Plaintiff asserts that, by using the IRS's medical and moving mileage rate rather than its business standard mileage rate, State Farm is not fully reimbursing its insureds for expenses incurred for medical treatment because the medical and moving mileage rate does not reflect the true costs of operating a vehicle. Plaintiff further alleges that "State Farm is forcing insureds to subsidize their own care, despite State Farm's obligation to pay all reasonable charges," in violation of the No-Fault Act. (Complaint at ¶ 32). Plaintiff therefore asserts that by violating the No-Fault Act, State Farm has breached its contract with Plaintiff.

The burden of proof of whether a plaintiff is entitled to recover no-fault benefits lies with the Plaintiff. *Nasser v. Auto Club Ins. Ass'n, 435 Mich*. 33, 49 (1990). In order for a plaintiff to recover no-fault benefits from an insurer, the plaintiff must prove: 1) that he or she incurred allowable expenses; 2) the expenses were reasonably necessary to recover from injuries resulting from the automobile accident; and 3) the amount of the expense was reasonable. *Id*. at 49-50 (citing *Nelson v. DAIIE,* 137 Mich.App. 226, 231 (1984)). Section 3107 requires that an insured must be reimbursed only for those expenses *actually incurred*. *Nasser*, 435 Mich. at 50.

State Farm does not dispute that transportation charges are reasonable expenses for which

it must reimburse its insureds. State Farm first contends, however, that Plaintiff's complaint does not allege that Plaintiff actually incurred reasonable travel expenses that exceed the IRS medical and moving rate. In support of its position that Plaintiff's case should be dismissed on the pleadings, State Farm directs the Court to *Neuman v. State Farm Mutual Automobile Ins. Co.*, 180 Mich.App. 479 (1989).

In *Neuman*, the plaintiff alleged that his actual travel expenses exceeded the amount paid to him by State Farm.[1] After several months of discovery, the trial court granted State Farm's motion for summary disposition after finding that there existed no genuine issue of material fact as to whether plaintiff was entitled to additional reimbursement for travel expenses. *Id*. at 482. Specifically, the trial court held that the plaintiff did not provide any evidence that established that he actually incurred travel expenses greater than the amount for which he was reimbursed. *Id*. After the trial court denied the plaintiff's motion for reconsideration, the Court of Appeals affirmed, holding that the "plaintiff's proofs were insufficient to create a genuine issue of material fact because he failed to show with any degree of certainty that his laundry list of expenses were, or would be actually incurred by him. Moreover, most of the expenses claimed by plaintiff would presumably be accounted for in the depreciation[2] factor. " *Id*. at 486. The

---

[1] Like Plaintiff in this case, the plaintiff in *Neuman* brought his complaint as a putative class action. The trial court in *Neuman* held that "the suit was not appropriate for a class action because the amount of each particular claimant's damages would require individualized proofs" and therefore "the proposed class did not share a common question for litigation." *Neuman*, 180 Mich.App. at n. 1. The issue of class certification, however, is not currently before the Court.

[2] The court in *Neuman* implied that, despite factoring in depreciation expenses, the plaintiff was still unable to prove that his actual travel expenses exceeded the amount reimbursed to him by State Farm. As stated above, the medical and moving rate adopted by State Farm in this instance does not include depreciation expenses.

court also noted that "[State Farm] had no obligation, statutory or otherwise, to create any formula or method of calculation." *Id*. at 487.

State Farm's reliance on *Neuman* is misguided. In *Neuman*, the plaintiff was afforded seven months of discovery to obtain evidence in support of his position that his actual travel expenses exceeded the amount reimbursed by State Farm, but the plaintiff failed to provide such evidence. The case of *Neuman* was decided on motion for summary disposition, filed after discovery, and after the court determined the plaintiff could not controvert the evidentiary materials and affidavits presented by State Farm. As a result, the court dismissed plaintiff's complaint. In the instant case, however, State Farm has filed a motion for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c), and the Court must construe the Complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations as true.

In its motion, State Farm insists that Plaintiff has not pleaded that he has actually incurred expenses greater than the amount reimbursed by State Farm. The Court finds that Plaintiff's allegations that he actually incurred travel expenses greater than the amount reimbursed by State Farm can be easily implied from his Complaint. For example, Plaintiff alleges:

> 18. As a result of the collision, ***Mr. Waskowski incurred "medical mileage"*** and was entitled to be paid such transportation benefits under the policy and the provisions of the No Fault Act. MCL 500.31067.
> \* \* \*
> 21. ***Mr. Waskowksi has incurred "medical mileage,"*** that is, transportation costs for medical treatment and submitted medical mileage to State Farm for reimbursement.
> 22. State Farm has paid certain amounts for the medical mileage submitted by Mr. Waskowski, but ***has continuously deliberately underpaid all of his medical mileage benefits to which he is entitled*** in accordance with the applicable No

> Fault Act and contract provisions.
>
> * * *
>
> 29. The IRS rate chosen by State Farm – the medical and moving rate – is unreasonable, as it does not reflect or compensate for the full cost of operating a vehicle and providing transportation for medical treatment.
>
> * * *
>
> 32. ***State Farm unilaterally imposed an unreasonable rate for medical mileage and forced Mr. Waskowski and/or his family members to incur transportation costs at a loss because the true operating cost of a vehicle is significantly higher than the rate State Farm unilaterally imposed.***

(Complaint at ¶¶ 18, 21-22, 29, 32) (emphasis added).

From these allegations, it can be easily inferred that Plaintiff alleges that he actually incurred travel expenses greater than the amount reimbursed by State Farm, which was calculated by using the IRS's medical and moving rate. To interpret these allegations in any other way would render the Complaint meaningless. Although State Farm is under no obligation to adopt a particular method of calculation for medical mileage expenses, Plaintiff must be afforded the opportunity for discovery to determine whether his actual travel expenses incurred exceeded the medical and moving rate used by State Farm. In taking all Plaintiff's allegations as true, the Court finds that Plaintiff has adequately alleged that he actually incurred medical mileage expenses at a rate greater than the rate at which State Farm utilized to reimburse Plaintiff. Accordingly, the Court denies Defendants' request that Count I of Plaintiff's Complaint be dismissed.

III.    Plaintiff's Fraud Claim:

Within Plaintiff's fraud claim, Plaintiff contends that State Farm made a number of misrepresentations and omissions regarding the medical mileage rate used to reimburse Plaintiff. To prove a claim for fraud in the insurance context, a plaintiff must establish:

9

> (1) that the insurer made a material representation; (2) that it was false; (3) that when the statement was made, the insurer knew that it was false, or the insurer made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the insurer made the statement with the intention that it would be acted upon by the insureds; (5) that the insureds acted in reliance upon the statement; and (6) that the insureds consequently suffered injury.

*Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 414 (2008) (*citing Hi-Way Motor Co.*, 398 Mich. 398 (1976)).

      A.      <u>There Were No Fraudulent Misrepresentations Made By State Farm:</u>

Specifically, Plaintiff alleges that, in the letters sent by Defendants, Defendants misrepresented that Plaintiff was only entitled to receive mileage benefits at the rate selected by State Farm and misrepresented that reimbursement for oil changes and gas is not available.

Defendants first contend that Plaintiff's "allegations of fraud are contradicted by the State Farm letters on which he bases his claim." (Def's Br. at 8). Essentially, Defendants state that they made no material misrepresentations in the letters dated January 14, 2010, March 10, 2010, and March 30, 2010. Defendants direct the Court to the January 14th letter, in which State Farm stated, "If you want to seek reimbursement in excess of 16.5 cents per mile, you can submit receipts to document reasonable expenses, in addition to completing the enclosed medical mileage form." (1/14/10 letter at 1). Similarly, in the March 10th letter, Claim Representative Terri Page stated, "The medical mileage benefit is calculated to include such variables as gas and oil changes. We have issued payment for your mileage claim for the period of 12/29/09 – 2/13/10. The personal injury protection benefits do not include a *specific* benefit for gas and oil changes." (3/10/10 letter) (emphasis added). Terri Page continued, "If you submit documentation which proves more oil changes and more gas is needed as a result of the mileage driven for your treatment for injuries from the above listed accident, I will be happy to review

10

and re evaluate you [sic] claim upon receipt." (*Id.*).

The Court agrees with Defendants that State Farm did not communicate its medical mileage rate as being the maximum allowed under the No Fault Act. In fact, State Farm's letters to Plaintiff specifically stated that Plaintiff could seek mileage benefits in excess of those already reimbursed if Plaintiff submitted the proper documentation.[3] The letters do not state that reimbursement for oil and gas is not available, but rather, that oil and gas expenses are already contemplated in the mileage rate and Plaintiff must submit additional documentation if he felt that the current rate did not cover his actual oil and gas expenses. Within the context of the definitions provided by the IRS, these statements are entirely true. There are simply no material misrepresentations made by State Farm in its communications with Plaintiff, and therefore, even in taking all Plaintiff's as true, Plaintiff has not established the first element of fraud.[4]

---

[3] Although not attached to Plaintiff's Complaint, the Court may consider the letters referenced by Plaintiff in his Complaint as part of the pleadings because they have been submitted to the Court by Defendants as part of their motion. The Sixth Circuit has held:

> [A] document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. . . This occurs when 'a document is referred to in the complaint and is central to the plaintiff's claim....' In such event, 'the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.

*Greenberg v. Life Ins. Co. Of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner, D.P.M., v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

[4] In his Complaint, Plaintiff alleges that State Farm "did not provide full, truthful information, but misrepresented that the lower medical and moving rate was the maximum standardized rate that was allowable for medical mileage reimbursement." (Complaint at ¶ 39). Plaintiff also alleges that State Farm did not explain various characteristics of its medical and

11

      B.     <u>There Were No Misrepresentations Upon Which Plaintiff Could Have Relied.</u>

Second, Defendants contend that Plaintiff could not have reasonably relied on any alleged misrepresentations by State Farm because "the IRS's mileage rates and computations and the language of his insurance policy were available to him." (Def's Br. at 11).

In bringing a fraud claim against his insurer, an insured must "show that any reliance on [the insurer's] representations was reasonable." *Foreman v. Foreman*, 266 Mich.App. 132 (2005). "There can be no fraud when a person has the means to determine that a representation is not true." *Nieves v. Bell Industries, Inc.*, 204 Mich.App. 459, 464 (1994). However, when the claims handling process "involves information and facts that are exclusively or primarily within the insurers' perceived 'expertise' in insurance matters, or facts obtained by the insurer[s] in the course of [their] investigation and unknown to the insureds, the insureds can more reasonably argue that they relied on the insurers' misrepresentations." *Cooper*, 481 Mich. at 452.

This alternative argument by State Farm is unconvincing because Plaintiff is not alleging that State Farm misrepresented how the medical and moving rate is calculated, but rather, that

---

mileage computation. In their motion, Defendants make a separate argument that, to the extent that Plaintiff has alleged a claim for silent fraud, Plaintiff's claim fails because State Farm was under no duty to disclose any of the alleged omissions. (Def's Br. at 12). Plaintiff, however, does not allege a separate count of silent fraud, and states in his response brief that "there is no claim here that Defendants made no representations at all and were merely silent." (Plf's Resp. at 14). Thus, there is no need to discuss the merits of a potential silent fraud claim.

    Even if Plaintiff did allege a claim for silent fraud, the Court agrees with Defendants that any alleged silent fraud claim would fail. As an initial matter, State Farm had no duty to explain the computation of its medical mileage rate. *See Van Emon v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 275882 at *3 (E.D. Mich.) (Steeh, J.). In fact, State Farm had no obligation to even create a method of calculation for its medical mileage rate. *Neuman,* 180 Mich.App. at 487. Moreover, the Court did not find any material omissions or misrepresentations made when State Farm voluntarily assumed the duty to explain its benefits in the letters sent to Plaintiff. As stated above, after reviewing the letters upon which Plaintiff relies in his pleadings, the alleged material misrepresentations simply do no exist.

12

State Farm misrepresented that the medical and moving rate is the maximum rate available to Plaintiff under the policy.  Thus, Plaintiff's reliance on State Farm's explanation of the IRS's mileage rates and computations is irrelevant to Plaintiff's claims.  Moreover, Plaintiff's policy makes no mention of the rate State Farm uses to reimburse Plaintiff for travel expenses incurred while receiving medical treatment.  There is no provision discussing how mileage rates are calculated or if there is a minimum or maximum rate at which Plaintiff will be reimbursed.  As a result, the rate at which State Farm reimburses its insureds for medical mileage would not have been available to Plaintiff when entering into the insurance agreement.

Nonetheless, after reviewing the letters upon which Plaintiff relies in his pleadings, the Court is unable to find any potential material misrepresentations on the part of State Farm.  The statements made in the letters were true, and there were simply no misrepresentations upon which he could have reasonably relied.  Accordingly, Plaintiff's pleadings fail to state a claim for fraud.

IV.   Claims against Defendants Page and Marsh Shall are Dismissed and Defendants' Motion for Sanctions is Denied.

In addition to Defendants' motion for judgment on the pleadings, Defendants filed a motion for sanctions pursuant to FED. R. CIV. P. 11, seeking attorney fees and costs.  (Sanction Mtn., D.E. No. 15).  Defendants also request that Defendants Page and Marsh be dismissed from this action pursuant to FED. R. CIV. P. 21.  Defendants contend that Plaintiff and Plaintiff's counsels "have fraudulently joined Page and Marsh to their lawsuit against State Farm . . . in an effort to defeat diversity jurisdiction without any good faith basis for joining them as defendants to this lawsuit."  (Sanction Mtn. at 1, D.E. No. 13).  Specifically, Defendants assert that Plaintiff's breach of contract and fraud are void of facts sufficient to plead any cognizable claims

against Page and Marsh.

The Court agrees Defendants Terri Page and Pam Marsh should be dismissed from this action. For the reasons stated above, the Plaintiff's fraud claim (Count II) fails as a matter of law. Thus, the only remaining claim is Plaintiff's breach of contract claim. Plaintiff's breach of contract claim deals solely with whether the rate at which State Farm reimbursed Plaintiff for medical mileage is reasonable. Defendants Terri Page and Pam Marsh are employees of State Farm and not parties to the insurance contract at issue. The only defendant who has contractual obligations to Plaintiff is State Farm. Therefore, Plaintiff cannot assert a breach of contract claim against Defendants Terri Page and Pam Marsh, and they shall be dismissed from this action.

The Court does not agree, however, that Plaintiff should be sanctioned for his joinder of Page and Marsh. While his claims against the two individuals may be without merit, and seemingly unrelated to the reasonableness of State Farm's mileage rate, the Court is not inclined to say that Plaintiff's allegations of fraud against the individuals were brought solely to destroy diversity, as Defendants contend. Although they are empty allegations, the alleged misrepresentations upon which Plaintiff relies for his fraud claim can be attributable to the letters written by Page and Marsh. Contrary to Defendants assertions, Plaintiff sufficiently pleaded fraud with particularity – stating when the alleged misrepresentations were made, who made them (State Farm, via its agents Page and Marsh), and how Plaintiff was damaged by the alleged misrepresentations. The alleged misrepresentations were specifically attributable to the statements made by Page and Marsh and the Court does not believe that Plaintiff's joinder of Page and Marsh is so fraudulent as to warrant sanctions.

CONCLUSION

For the reasons state above, **IT IS HEREBY ORDERED** that Defendants' motion for judgment on the pleadings is **GRANTED IN PART** and **DENIED IN PART**. (D.E. No. 14). The Court **DENIES** Defendants' motion as to Plaintiff's breach of contract claim, and **GRANTS** Defendants' motion as to Plaintiff's fraud claim.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions is **DENIED**. (D.E. No. 13).

**IT IS FURTHER ORDERED** that any claims against Defendants Terri Page and Pam Marsh are **DISMISSED.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated: January 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager