UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski, on behalf of himself
and all other similarly situated,

    Plaintiff,

v.

State Farm Mutual Automobile Insurance
Company, Terri Page, and Pam Marsh,

    Defendants.
_____/

Case No.: 11-12979
Honorable Sean F. Cox

## OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

In this putative class action, Plaintiff alleged breach of contract and fraud claims against Defendant State Farm relating to the rate paid to Defendant's insureds for medical and moving mileage under Michigan's No Fault Act. On January 25, 2012, the Court issued an Opinion & Order regarding Defendant's motion for judgment on the pleadings wherein the Court dismissed Plaintiff's fraud claim, but declined to dismiss Plaintiff's breach of contract claim.

On February 13, 2012, Plaintiff filed a motion for partial reconsideration of the Court's January 25, 2012 Opinion & Order.

Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different

1

disposition of the case.

L.R. 7.1(h)(3). A motion for reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998).

In the motion for reconsideration, Plaintiff states that the Court "imposed two different and unequal standards on Plaintiff and Defendant, allowing Defendant to utilize a standardized rate to fulfill its obligations under the No Fault Act, but not allowing Plaintiff to utilize a higher standardized rate as a 'reasonable charge' for miles incurred under the No Fault Act." (Plf's Brief at 5). Plaintiff also asserts, "It appears that the Court used the 'actual' cost language of *Neuman v. State Farm Mut. Auto. Ins. Co.* . . . to hold that Plaintiff in this case is limited to showing that he incurred 'actual' costs higher than the IRS medical and moving rate. (*Id*. at 11).

With regard to Plaintiff's breach of contract claim, Court held, "Although State Farm is under no obligation to adopt a particular method of calculation for medical mileage expenses, Plaintiff must be afforded the opportunity for discovery to determine whether his actual travel expenses incurred exceeded the medical and moving rate used by State Farm." (1/25/12 Opinion at 9). This ruling, however, does not limit Plaintiff from establishing a different rate is reasonable, whether through another standardized rate or otherwise.

As stated in this Court' Opinion & Order, the burden of proof of whether a plaintiff is entitled to recover no-fault benefits lies with the insured. *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 49 (1990). "Moreover, it is each particular expense that must be both reasonable and necessary." *Nasser*, 435 Mich. at 50. Thus, under Michigan law, the insured must prove that

each particular expense, including the mileage rate paid by the insured, is unreasonable. Michigan courts have also held that "[w]here a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense. *Nasser*, 435 Mich. at 50.

The Court did not make any findings as to the reasonableness of the medical mileage rate paid by State Farm. Nor did the Court hold that Plaintiff cannot utilize the IRS's business standard rate to establish a more reasonable rate upon a showing that the rate paid by State Farm for medical mileage is unreasonable. As stated by Plaintiff, the reasonableness of the rate paid for an expense covered by Michigan's No-Fault Act is a question of fact for the jury. *Hardrick v. Auto Club Ins. Ass'n*, 294 Mich.App. 651 (2011).

Contrary to Plaintiff's implications, the Court did not place any limitations on how Plaintiff may establish a reasonable rate for medical mileage expenses. It remains Plaintiff's burden of proving that the rate paid by State Farm for medical mileage reimbursement was unreasonable and that Plaintiff incurred expenses above the rate reimbursed by State Farm.[1] The Court agrees with Plaintiff that he need not present evidence of "to-the-penny" calculations of the mileage expenses he actually incurred. However, in order to establish that the rate paid by State Farm is unreasonable, Plaintiff must establish the mileage expenses he actually incurred "with a reasonable degree of certainty." *Neuman v. State Farm Mut. Auto. Ins. Co.*, 180 Mich.

---

[1] The Court agrees with Plaintiff that he need not present evidence of "to the penny" calculations of the mileage expenses he actually incurred. Plaintiff must, however, show that his mileage expenses were actually incurred "with a reasonable degree of certainty." *Neuman v. State Farm Mut. Auto. Ins. Co.*, 180 Mich. App. 479 (1989).

App. 479 (1989).

To the extent that Plaintiff seeks a determination regarding the standard of proof required by members of the putative class, the Court declines to make any such finding because that issue is not currently before the Court.

Plaintiff also contends that "the Court erroneously determined that State Farm made no misrepresentations through mischaracterization of the allegations of the complaint and through omission of the word 'standardized' from the allegations." (Plf's Brief at 13). Plaintiff maintains that State Farm misrepresented that the IRS medical mileage rate was the only standardized rate established by the IRS. Presumably, Plaintiff is eluding to the statement by a State Farm representative that "[s]ixteen-and-a-half cents per mile is the standard rate per IRS for use of your car for medical reasons." (1/14/10 letter, Def's Br., Ex. A, D. E. No. 14). Plaintiff asserts that, because the IRS has established an additional standardized rate (i.e., the business standard rate), the IRS medical and moving mileage rate is not *the only* standardized rate, and therefore the aforementioned statement is a misrepresentation.

Plaintiff's argument is the same one presented in response to Defendant's motion for judgment on the pleadings. Plaintiff has not demonstrated that there exists a palpable defect by which the Court has been misled. Again, based upon the pleadings and the documents referenced within, State Farm simply did not make any misrepresentations regarding the rate for medical mileage reimbursement.[2] The standardized rate referenced by State Farm in its January

---

[2]Even if State Farm's letter could be interpreted as implying that only one IRS standardized rate existed, Plaintiff could not have detrimentally relied on the statement because State Farm is under no duty to apply any particular standard rate of reimbursement. *See Neuman,*180 Mich.App. at 487. Moreover, State Farm explicitly stated that Plaintiff could submit additional expenses incurred beyond the rate paid by State Farm to be considered for

14, 2010 letter is *the* standardized medical mileage rate established by the IRS. In fact, the IRS itself identifies this standardized rate as the "Medical and Moving Mileage Rate." The fact that the IRS has established a business standard rate does not make the additional fact that the IRS has a specific, standardized medical and moving mileage rate any less true.

For the foregoing reasons, Plaintiff's motion for partial reconsideration of the Court's January 25, 2012 Opinion & Order (D.E. No. 28) is **DENIED**.

**IT IS SO ORDERED.**

                        S/Sean F. Cox
                        Sean F. Cox
                        United States District Court

Dated: April 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2012, by electronic and/or ordinary mail.

                        S/Jennifer Hernandez
                        Case Manager

---

reimbursement.