UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski, on behalf of himself
and all other similarly situated,

    Plaintiff,

v.                                                                    Case No.: 11-12979
                                                                           Honorable Sean F. Cox

State Farm Mutual Automobile Insurance
Company, Terri Page, and Pam Marsh,

    Defendants.
_____/

## OPINION & ORDER DENYING PLAINTIFF'S MOTION TO REMAND

In this putative class action, Plaintiff alleged breach of contract and fraud claims against Defendant State Farm Mutual Automobile Insurance Co. ("State Farm"), relating to the rate paid to State Farm's insureds for medical and moving mileage under Michigan's No-Fault Act. The matter is currently before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, the Court shall DENY Plaintiff's motion to remand.

## BACKGROUND

On or about June 15, 2011, Plaintiff Jaroslaw Waskowksi (Plaintiff), a Michigan citizen, filed this action in Macomb County Circuit Court on behalf of himself and others similarly situated. The originally named defendants included State Farm, an Illinois corporation with its principal place of business in Illinois, and two State Farm employees who are both Michigan

1

citizens.

State Farm removed this action to this Court on July 11, 2011, alleging that this Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, and also because Plaintiff fraudulently joined the two State Farm employees. State Farm asserted that Plaintiff had no colorable claim against the two individual Michigan residents.

Plaintiff's overall contention is that State Farm uses an unreasonable rate to reimburse its insureds for mileage expenses incurred for the purpose of receiving medical treatment. Plaintiff's Complaint describes the putative class as follows:

> All individuals who are insureds of State Farm in Michigan or otherwise covered by State Farm for first party no fault benefits, and for whom State Farm has paid and/or continues to pay medical mileage for automobile related injuries, at a rate in accordance with State Farm's policy of adopting the IRS medical and moving mileage rate, excluding State Farm's directors, officers, and employees, and excluding Plaintiffs' attorney and staff.

(Complaint at ¶ 7).

On August 23, 2011, Defendants filed a motion for judgment on the pleadings. On January 25, 2012, the Court issued an Opinion & Order wherein the Court dismissed Plaintiff's fraud claim, but declined to dismiss Plaintiff's breach of contract claim. (1/25/2012 Opinion, Doc. Entry No. 25). The Court also held that Plaintiff did not have a claim against the two State Farm employees and dismissed them as defendants in this action. Therefore, the only remaining defendant in this case is State Farm.

## ANALYSIS

Plaintiff contends that this case should be remanded to state court because the "direct action" provision of 28 U.S.C. § 1332(c) requires State Farm to be considered a citizen of

Michigan. As a result, Plaintiff argues that the parties are not diverse and that this Court lacks subject matter jurisdiction over Plaintiff's claims.

Subsection (c) of § 1332 provides as follows:

(c) For the purposes of this section and section 1441 of this title –

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of –

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business. . .

28 U.S.C. § 1332(c).

Plaintiff asserts that his action is a "direct action against the insurer" under § 1332(c)(1)(A), and therefore State Farm is deemed a citizen of every state which Plaintiff is a citizen – in this case, Michigan. Plaintiff therefore contends that there is no diversity among the parties. State Farm, however, contends that Plaintiff's action is not a direct action under § 1332(c)(1)(A), and this Court has jurisdiction over this action through diversity of citizenship.

In support of his position, Plaintiff relies heavily on *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (6th Cir. 1982). In that case, *Ford*, a Delaware corporation with its principle place of business in Michigan, suffered property damage caused by a truck owned by a

contractor. *Id*. at 422. The contractor was also a Delaware corporation with its principle place of business in Ohio. Ford filed an action in federal court against the contractor's insurer, INA, a Pennsylvania corporation, under Michigan's No-Fault Act. *Id*. Ford alleged jurisdiction through diversity of citizenship. On appeal, the Sixth Circuit applied § 1332(c)(1)(A) and held:

> No-fault represents a latter-day attempt by the states to improve the mechanism for recovery by those injured and damaged in accidents arising out of the use of motor vehicles. Given Congress' reaction to earlier state legislation which permitted direct actions, no-fault should not be held to expand the jurisdiction of federal courts. Where, by making the insurer the defendant a plaintiff creates an apparent diversity which would not exist if the owner or operator of an insured vehicle were a named defendant, s 1332(c) operates to deny jurisdiction by attributing the citizenship of the insured to the insurer. When this attribution is made in the present case there is no diversity. INA is treated as a citizen of Delaware, the state of incorporation of its insured, Refiners. Since Ford is also a Delaware corporation and the only basis of federal jurisdiction is diversity, the district court lacked subject matter jurisdiction.

*Id.* at 425-26.

After *Ford*, § 1332(c)(1)(A) was construed by many courts as applying to any direct action against an insurer. In *Lee-Lipstreu*, however, the Sixth Circuit rejected such an application of §1332(c) in cases such as the one currently before this Court – where a Plaintiff files an against his own insurer. *Lee-Lipstreu v. Chubb Group of Ins. Cos*., 329 F.3d 898 (6th Cir. 2003). In that case, the Sixth Circuit explained:

> Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. We recognize that the direct action provision applies in certain situations involving injureds and insurers, but we conclude that it does not apply here.

*Id*. at 899-900. The court further stated that its holding "comports with the conclusion reached

by our sister circuits that when an injured party sues **her own** uninsured motorist carrier, it is not a direct action." *Id*. at 900 (emphasis added).  Having concluded that §1332 does not apply in cases that involve solely a dispute between an insured an her own insurance company, the court explained that in such cases a federal court must consider the regular diversity principles (*i.e*., diversity of citizenship and jurisdictional threshold) to determine whether it has subject matter jurisdiction.  *Id.*

Following *Lee-Lipsteu*, several different judges in the Eastern District of Michigan have concluded that the Sixth Circuit has rejected the contention that §1332(c)'s direct action provision applies to a dispute between an insured and his or her own insurance company.  *See Davis v. State Farm Auto. Ins.,* 382 F.Supp.2d 957 (E.D. Mich. 2005) (Judge Cohn); *Herring v. State Farm Mutual Automobile Insurance Co.*, 2005 WL 3071902 (E.D. Mich. 2005) (Judge Steeh); *Sonkiss v. Encompass Property & Casualty Co.*, 2006 WL 416194 (E.D. Mich. 2006)(Judge Cleland); *Central Michigan Comm. Hosp. v. Federal Comm. Hosp*., 2006 WL 277374 (E.D. Mich.)(Judge Lawson); *Brown v. Farmers Ins. Co.*, 2007 WL 496669 (E. D. Mich.) (Judge Roberts); and *Huda v. Integon Nat. Ins. Co.*, 2008 WL 345513 (E.D. Mich.) (Judge O'Meara).

State Farm asserts that because this is an action between an insured and his insurance company, §1332's direct action provision does not apply.  Based on *Lee-Lipstreu* and the above cases, this Court agrees.  Unlike *Ford*, in which the plaintiff sued the insurer of the a third-party,[1]

---

[1] Plaintiff also relies on *Mathis v. Hartford Ins. Co.*, 770 F.Supp.2d 891 (E.D. Mich. 2010) (Judge Rosen) in which the court applied §1332's direct action provision where the passenger of a vehicle brought a no-fault action against the driver's insurer.  The court held that § 1332(c)(1)(A) required the court to construe the insurer as a citizen of plaintiff's state of citizenship.  *Mathis* is easily distinguished from the instant action.  Unlike *Lee-Lipstreu* and this

Plaintiff in this case is suing his own insurance carrier.

Therefore, State Farm need only satisfy the regular diversity requirements (diversity of citizenship and the jurisdictional threshold). Plaintiff is citizen of Michigan and State Farm is a citizen of Illinois. There is no dispute that the amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction over this action through diversity of citizenship.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Doc. Entry No. 24) is DENIED.

IT IS SO ORDERED.

      S/Sean F. Cox
      Sean F. Cox
      United States District Court

Dated: July 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2012, by electronic and/or ordinary mail.

      S/Jennifer Hernandez
      Case Manager

---

action, the plaintiff in *Mathis* was not suing his own insurance carrier. Rather, like the plaintiff in *Ford*, the plaintiff in *Mathis* was suing a third party's insurance carrier. The holding in *Mathis* does not apply to this case.